IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Howard E. Sims, | ) |
|            Plaintiff, | ) C/A No.: 6:08-4156-MBS ) |
| vs. | ) ) **OPINION AND ORDER** |
| Michael J. Astrue, Commissioner of Social Security, | ) ) ) |
|            Defendant. | ) ) |

Plaintiff Howard E. Simpson, Jr. alleges disability commencing December 1, 1992 because of status-post motor vehicle accident with head injury and organic brain syndrome, status-post left leg fracture with rod placement, status-post crushed pelvis with surgical repair, chronic pain syndrome, degenerative joint disease of the left hip, radiculopathy of the left leg, displaced tibial plateau fracture of the left leg with open reduction internal fixation, and depression. Plaintiff applied for and received disability benefits until February 8, 2005, when an Administrative Law Judge ("ALJ") determined that Plaintiff had medically improved and no longer qualified for benefits.

Plaintiff filed an application for supplemental security income, as well as an application for a period of disability and disability insurance benefits, on March 16, 2005. Plaintiff's applications were denied initially and upon reconsideration. Plaintiff requested a hearing before an ALJ. The ALJ held a hearing on September 20, 2007. On November 27, 2007, the ALJ issued a decision that Plaintiff is not disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. On December 11, 2008, the Appeals Council determined that there was no basis for granting Plaintiff's request for review. Plaintiff thereafter brought the within action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the "final decision" of the Commissioner.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge William M. Catoe. On January 29, 2010, the Magistrate Judge filed a Report of Magistrate Judge in which he determined that the ALJ (1) failed to conduct a separate evidentiary hearing on the issue of whether Plaintiff was mentally competent at the time of the 2005 decision; (2) failed to consider and discuss the findings of the 2005 decision; (3) failed to properly consider the opinion of Plaintiff's treating physician, Dr. Green; (4) failed to properly evaluate Plaintiff's credibility; (5) failed to perform a proper analysis of Plaintiff's residual functional capacity; and failed to include all of Plaintiff's limitations and restrictions in the hypothetical question to the vocational expert. Accordingly, the Magistrate Judge recommended that the Commissioner's decision be reversed under sentence four of 42 U.S.C. § 405(g) and the case remanded for further administrative action. On February 16, 2010, the Commissioner filed a notice that he would not file objections to the Report.

The court is charged with making a de novo determination of any portions of the Report of Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b). In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

After a thorough review of the Report and the record in this case, the court adopts the Report of Magistrate Judge and incorporates it herein by reference. Therefore,

It is ORDERED that the Commissioner's decision be reversed pursuant to sentence four of § 405(g) and the case be remanded for further administrative proceedings as set forth herein and in

the Report of Magistrate Judge.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

February 18, 2010.